```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF ALABAMA
                 NORTHERN DIVISION
```

| | | |
|---|---|---|
| JOHN W. MONCUS, JR. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:03CV416 |
| | ) | |
| v. | ) | |
| | ) | |
| MIKE JOHANNS, Secretary, United | ) | MEMORANDUM OPINION |
| States Department of Agriculture, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on plaintiff's motion for review of the bill of costs (Filing No. 153). Having reviewed the government's bill of costs, the parties' briefs, the evidentiary submissions, and the applicable law, the Court finds that plaintiff's objections should be sustained in part and overruled in part.

## BACKGROUND

The trial of this case commenced in the late afternoon of Monday, March 13, 2006. On March 16, 2006, the jury returned a verdict in favor of the government. The Court subsequently entered judgment in favor of the government and awarded costs. On March 31, 2006, the government submitted a bill of costs totaling $7,407.84, consisting of the following fees: (1) $529 in court reporter fees that were incurred to obtain a transcript of the plaintiff's deposition: (2) $245 for fees and disbursements for printing; (3) $5,538 for witness fees; (4) $1,075.40 for fees for exemplification and copies; and (5) $20 in docket fees under

28 U.S.C. § 1923. On April 3, 2006, the Clerk of the Court, pursuant to Fed. R. Civ. P. 54(d), taxed costs against plaintiff in the amount of $7,407.84 (Filing No. 152). Plaintiff filed the instant motion on April 10, 2006, seeking the elimination or reduction of the first four enumerated fees (Filing No. 153).

**DISCUSSION**

**A.    Taxation of Costs - Generally**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs."[1]  Fed. R. Civ. P. 54(d).

Title 28, U.S.C. § 1920, provides that a judge or clerk may tax as costs the following:

> (1)  Fees of the clerk and marshal;
>
> (2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3)  Fees and disbursements for printing and witnesses;
>
> (4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;

---

[1] The United States may receive costs like any other prevailing party. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).

>       (5)   Docket fees under section 1923
>             of this title;
>
>       (6)   Compensation of court
>             appointed experts,
>             compensation of interpreters,
>             and salaries, fees, expenses,
>             and costs of special
>             interpretation services under
>             section 1828 of this title.

28 U.S.C. § 1920.

The United States Supreme Court has discussed Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920:

> We do not read [Rule 54(d)] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny.  Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be.

*Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964).

**B.   Plaintiff's Specific Objections to the Government's Bill of Costs**

   **1.   Witness Fees**

Plaintiff challenges the $5,538.44 in witness fees and subsistence costs claimed by the government, which consists of $2,409.52 for Mr. David Winningham, $787.96 for Mr. Melvin Weil, $1,028.50 for Ms. Patty Moore, and $1,312.46 for Ms. Barbara Nelson.

   **a.   Witness Fees – Generally**

Pursuant to 28 U.S.C. § 1920(3), the Court may tax costs for "fees and disbursements for . . . witnesses." Statutory witness fees are set forth in 28 U.S.C. § 1821. Under § 1821, a witness shall be paid, *inter alia*, a $40 per day attendance fee,[2] travel expenses (limited to "the most economical rate reasonably available" on a common carrier),[3] a mileage

---

[2] Title 28, U.S.C. § 1821(b), provides:

   (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

[3] Title 28, U.S.C. § 1821(c)(1), provides:

   (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

allowance (if the witness uses a private car),[4] and a subsistence allowance.[5]  Witnesses that are federal government employees and are called as witnesses on behalf of the federal government are not entitled to receive witness fees for attendance at trial. *See* 5 U.S.C. § 5537.  The plaintiff has raised various contentions regarding the taxable witness fees as to each of the government's witnesses.  The Court will address each witness in turn.

      **b.**    **The Government's Requested Witness Fees**

          **1.**    **Mr. David Winningham**.

The government has requested a total of $2,409.52 in witness fees for Mr. Winningham, consisting of the following fees: (1) $200 in attendance fees (representing attendance from

---

[4] Title 28, U.S.C. § 1821(c)(2), provides:

    (c)(2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle.  Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

[5] Title 28, U.S.C. §§ 1821(d)(1), (d)(2), provide:

    (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

    (d)(2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

March 12, 2006, through March 16, 2006, at $40 per day); (2) $1,001.20 in travel expenses for a round trip airline ticket from Washington, D.C., to Montgomery, Alabama, leaving D.C. on March 11, 2006, and returning on March 17, 2006; (3) $245.82 for a rental car to drive in Montgomery from March 11, 2006, to March 17, 2006 (averaging $37.82 per day); (4) $673.50 for lodging and subsistence for 6.5 days in Montgomery from March 11, 2006, to March 17, 2006 (averaging $103.62 per day);[6] (5) $139.50 for mileage and parking for two round-trips from Stafford, Virginia, to D.C. on January 18, 2006, and February 28, 2006, to meet with the government's counsel; and (6) $149.50 for miscellaneous expenses.

Plaintiff raises two challenges to these fees. First, plaintiff contends that Mr. Winningham's witness costs are not taxable because Mr. Winningham was the real party in interest in this case.[7] The Court disagrees. The only named defendant and the only real party in interest in this case was the United States Department of Agriculture. *See Leber v. Canal Zone*

---

[6] The federal government employee per diem for Montgomery, AL is $99 per day, excluding hotel taxes. Mr. Winningham's hotel taxes were $8.75 per day, thereby increasing his actual allowable per diem to $107.75. Because the $103 average calculated for Mr. Winningham's subsistence costs, which includes hotel taxes, is within the actual allowable per diem, the Court will utilize the $103 per day average in determining the amount that will be taxed for Mr. Winningham's subsistence costs.

[7] *See Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir. 1977) (noting that the expenses of witnesses who are parties to the action are generally not taxable); *see also* 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 2678 (3d ed. 1998) (noting that real parties in interest are not entitled to fees or allowances as witnesses).

*Central Labor Union & Metal Trades Council, AFL-CIO,* 383 F.2d 110, 116 n. 13 (5th Cir. 1967) (noting that the government is the real party in interest in suits brought against officials acting within the ambit of a statute or regulation).[8]  Accordingly, the Court concludes that Mr. Winningham's witness fees are properly taxable.

Second, plaintiff contends that the government's requested attendance and subsistence costs for Mr. Winningham should be reduced.  As a general rule, "witness and subsistence expenses are not limited to the day the witness testifies but include those days in which the witness necessarily attends trial."  *Linneman Construction, Inc. v. Montana-Dakota Utilities Co.*, 504 F.2d 1365, 1372 (8th Cir. 1974); *Hiller v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 60 F.R.D. 87, 89 (N.D. Ga. 1973); *see also* Wright, Miller & Kane, *supra*, § 2678; Laura B. Bartell, *Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 577 (1984).  These expenses, however, are only allowed for the number of witnesses and for the number of days the Court deems reasonable.  *Linneman*, 504 F.2d at 1372; Bartell, *supra* at 577.

---

[8] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Having carefully reviewed the government's requested fees, the Court finds that Mr. Winningham's subsistence costs should be reduced.[9]  The Court finds that the government is entitled to recover subsistence and rental car fees for five days in Montgomery, consisting of the two travel days involved in getting Mr. Winningham to and from Montgomery and the three days in which he necessarily attended trial.  Accordingly, the Court finds that the government is entitled to recover $518.11 in subsistence fees and $189.11 for Mr. Winningham's rental car.

While plaintiff has not objected to the government's taxation of $1,001.20 in travel expenses for Mr. Winningham's round-trip airline ticket from D.C. to Montgomery, leaving D.C. on March 11, 2006, and returning on March 17, 2006, the Court cannot ascertain why a round-trip ticket from D.C. to Montgomery would cost $1,000, particularly when the government was able to purchase round-trip tickets for Ms. Moore and Ms. Nelson for travel between D.C. and Montgomery, leaving D.C. on March 13th and March 14th, respectively, and returning on March 17, 2006, at a rate of $514.20 per ticket, nearly half the price.  Section

---

[9] The Court will allow the $200 in attendance fees taxed to the plaintiff for Mr. Winningham's presence at trial.  While the Court disagrees with the government as to the days in which the attendance fee should be taxed, the Court nonetheless finds that the government is entitled to five days of attendance fees, consisting of the two travel days involved in getting Mr. Winningham to and from Montgomery, *see* 28 U.S.C. § 1821(b) ("A witness shall also be paid the [$40] attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance . . . .") and the three days in which Mr. Winningham necessarily attended trial.

1821(c) states that "a witness shall utilize a common carrier at the most economical rate reasonably available."  28 U.S.C. § 1821(c).  Because Mr. Winningham's ticket was nearly twice as expensive as Ms. Moore's and Ms. Nelson's tickets and because the government has made no showing that his ticket was purchased at "the most economical rate reasonably available," the Court finds that the government is only entitled to recover $514.20 for Mr. Winningham's airline travel.  The government may file a motion for reconsideration on this issue if it can provide sufficient justification that Mr. Winningham's $1,001.20 airline ticket was purchased at "the most economical rate reasonably available."

      The Court will also disallow the $139.50 mileage expense claimed by the government for two round trips Mr. Winningham made from Stafford, Virginia, to D.C. on January 18, 2006, and February 28, 2006, to meet with the government.  The mileage expense allowed under 28 U.S.C. § 1821(c)(1), is limited to expenses a witness incurs in attending court or a deposition.  *See* 28 U.S.C. § 1821(a)(1) ("[A] witness in attendance at any court of the United States . . . or before any person authorized to take his deposition . . . shall be paid the fees and allowances provided by this section.").  Because these mileage expenses were obviously not incurred in attending court and because the government has not made a showing that they were

incurred in attending a deposition, the Court will disallow this expense.

### 2. Ms. Barbara Nelson

The government has requested a total of $1,312.46 in witness fees for Ms. Nelson, consisting of the following fees: (1) $514.20 for lodging and subsistence fees for 5.5 days in Montgomery from March 12th through March 16th (averaging $93.49 per day); (2) $514.20 in travel expenses for a round-trip airline ticket from Washington, D.C., to Montgomery, Alabama, leaving D.C. on March 12, 2006, and returning on March 17, 2006; (3) $222.84 for a rental car to drive in Montgomery from March 12, 2006, to March 17, 2006 (averaging $40.52 per day); and (5) $61.22 for miscellaneous expenses. The plaintiff argues that these fees are not properly taxable because Ms. Nelson's testimony was immaterial and irrelevant to any substantive issue in the case. The Court disagrees.

To be taxable as costs, a witness's testimony must be "material to an issue in the case and reasonably necessary to its disposition." Wright, Miller & Kane, *supra*, § 2678; *see also United California Bank v. THC Financial Corp.*, 557 F.2d 1351, 1361 (9th Cir. 1977); *Koppinger v. Cullen-Schiltz & Associates*, 513 F.3d 901, 911 (8th Cir. 1975). Ms. Nelson's testimony was material and reasonably necessary in this case. Ms. Nelson, who was Mr. Winningham's assistant, was present during the first

-10-

round of interviews Mr. Winningham conducted for the Program complaint specialist positions.  She testified as to the manner in which Mr. Winningham conducted the interviews and as to the questions that were asked during the interview.  This testimony was material and relevant in aiding the jury in assessing whether Mr. Winningham discriminated against the plaintiff on the basis of the plaintiff's race and/or gender.

Alternatively, plaintiff argues that Ms. Nelson's lodging and subsistence costs should be reduced.  The Court agrees.  The Court finds that the government is entitled to recover for four days of subsistence costs and rental car fees for Ms. Nelson's two travel days and for the two days in which she necessarily attended trial.  Accordingly, the Court concludes that the government can recover $373.96 for subsistence costs and $162.08 for rental car fees.

### 3. Ms. Patty Moore

The government has requested a total of $1,028.50 in witness fees for Ms. Moore, consisting of the following fees: (1) $415.50 for lodging and subsistence fees for 4.5 days in Montgomery from March 13th through March 17th (averaging $92.33 per day); (2) $514.20 in travel expenses for a round-trip airline ticket from Washington, D.C., to Montgomery, Alabama, leaving D.C. on March 13, 2006, and returning on March 17, 2006; (3) $28.80 for mileage fees; (4) $40 for cab fare from the airport to

the hotel; and (5) $30 for miscellaneous expenses.  The plaintiff argues that these fees are not properly taxable because Ms. Moore's testimony was not material to any substantive issue in the case.  The Court disagrees.

Ms. Moore's testimony was material and reasonably necessary in the case.  Ms. Moore's testimony provided relevant information on the federal hiring process generally, the manner in which applicants were selected to interview for the program complaint specialist positions, and the federal pay scale, which was relevant on the issue of damages in the case.  Nonetheless, the Court finds that Ms. Moore's subsistence expenses should be reduced.  For lodging and subsistence, the government is entitled to recover for Ms. Moore's two travel days and the two days in which she necessarily attended trial, in the amount of $369.32.

### 4.   Mr. Melvin Weil

Plaintiff was taxed a total of $787.96 in witness fees for Mr. Weil, consisting of the following fees: (1) $316.50 for lodging and subsistence fees for 3.5 days in Montgomery, from March 12th through March 14th; (2) $182.46 in mileage for 410 miles at $.445 per mile; (3) $160, which consists of $40 for one day of trial prep and $120 for three days of trial attendance at $40 per day; (4) $106.50 for meals and lodging during travel; and (5) $22.50 for miscellaneous expenses.  Plaintiff contends that these fees should be disallowed because Mr. Weil's testimony was

-12-

immaterial and irrelevant.  The Court disagrees.  Mr. Weil's testimony was material in this case because he was interviewed and hired by Mr. Winningham as the new Branch Chief for the Program Complaint Inquiry Branch, participated in the second round of interviews for the program complaint specialist positions alongside Mr. Winningham, and was familiar with the circumstances as to why the plaintiff was not interviewed for the second job vacancy announcement.

       The Court, however, finds that the $316.50 taxed by the government for Mr. Weil's lodging and subsistence fees for 3.5 days in Montgomery, from March 12th through March 14th, (averaging $90.43 per day) should be reduced.  Because Mr. Weil's presence at trial was not necessary until Tuesday, March 14th, at the earliest, it not reasonable for the government to recover lodging and subsistence costs for Mr. Weil for Sunday, March 12, 2006.  Accordingly, the Court concludes that the government is entitled to recover $226.08 for Mr. Weil's lodging and subsistence.

    **2.   Miscellaneous Expenses**

       The following amounts were added to the claim for each witness and identified as miscellaneous expenses:

```
        Winningham      -     $149.50
        Nelson          -       61.22
        Moore           -       30.00
        Weil            -       22.50
```

There is no provision for "miscellaneous" expenses.  As there is no documentary support nor any representation as to what these expenses represent regarding witnesses Nelson, Moore and Weil, they will not be allowed.

As to Winningham, the documentation supports $66.00, representing parking fees of $63.00 at Washington's Reagan Airport and $3.00 for tips.  These items will be allowed.  The balance will be disallowed.

**3.   Deposition Transcript Costs**

The government has submitted an invoice for $529 for various charges associated with the taking of plaintiff's deposition including a $50 appearance fee, a $388.50 transcription fee, a $80.50 mileage fee, and a $10 reading and signing fee (Filing No. 151-2).  Plaintiff contends that he should not be required to pay the $529 fee because his deposition was not used during trial and was unnecessarily taken.

Under 28 U.S.C. § 1920(2), taxable costs may include fees of the court reporter for "all or any part of the stenographic transcript necessarily obtained for use in the case."  Depositions are included in the phrase "stenographic

-14-

transcript." *United States v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963). In determining whether the cost of a particular deposition is taxable, "the district court must evaluate the facts of each case and determine whether all of any part of a copy or any or all of the depositions was necessarily obtained for use in the case." *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. June 1981) (quoting *Kolesar*, 313 F.2d at 840). "Where the deposition costs were merely incurred for convenience, to aid in a more thorough preparation of the case, or for the purpose of investigation only, the costs are not recoverable." *Coleman v. Roadway Express*, 158 F. Supp.2d 1304, 1310 (M.D. Ala. 2001). "The determination of necessity is made from the perspective of the litigant at the time of incurring the expense, not from hindsight after trial." *Id.; see also Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1224-25 (11th Cir. 2002) (affirming district court's conclusion that deposition costs should be taxed because the individuals that had been deposed were identified as potential witnesses and depositions were thus necessary in light of the facts known to the prevailing party at the time the deposition was taken).

Plaintiff's argument that the deposition costs are not taxable merely because plaintiff's deposition was not used at trial is without merit. *See Allen v. U.S. Steel Corp.,* 665 F.2d 689, 697 (11th Cir. 1982) (court may award costs for depositions

that were reasonably necessary for use in the case even though the depositions may not have been used at trial).  The Court also rejects plaintiff's argument that plaintiff's deposition was unnecessarily taken in this case.  Plaintiff's deposition was necessary for trial preparation and for possible use at trial in light of the facts known to the government at the time the deposition was taken.  Because plaintiff's deposition was reasonably necessary and because plaintiff has not objected to any of the itemized costs in the deposition invoice, the Court concludes that the $529 deposition fee is properly taxable.

    **4.**    **Exemplification and Photocopying Fees**

The plaintiff also objects to the government's request for $1,075.40 for the cost of copying 19 trial exhibit books.  Plaintiff contends that this is an over-reaching charge and should be recalculated because the maximum number of exhibit books that are properly taxable are those four books that were prepared for the Court, the jury, the plaintiff, and the defendant.  The Court agrees.

Pursuant to 28 U.S.C. § 1920, "[f]ees for exemplification and copies of paper *necessarily obtained* for use in the case" are taxable.  28 U.S.C. § 1920(4) (emphasis added).  Therefore, the standard for determining whether exemplification and photocopying costs should be awarded is "whether the prevailing party could have reasonably believed that it was

-16-

necessary to copy the papers at issue." *E.E.O.C.*, 213 F.3d at 624; *see also Coleman*, 158 F. Supp.2d at 1309. The party seeking recovery of the expenses "bears the burden of demonstrating that the copies were reasonably necessary." *Miller*, 117 F. Supp.2d at 1265 (quoting *Daughtery*, 174 F.R.D. at 124).

The government has failed to demonstrate how the copying of 19 trial exhibit books was reasonably necessary. The only exhibit books that were reasonably necessary for use at trial were the exhibit books for the Court, the jury, the plaintiff, and the government, consisting of a total of four books. Accordingly, the Court finds that the government is only entitled to recover for the costs of photocopying four exhibit books, consisting of 566 pages per book at a cost of $.10 per page for a total cost of $226.40.

**5. Printing Fees**

Plaintiff also argues that the government's request for $245 for fees and disbursements for printing, relating to the enlargement of two memoranda written by Mr. Winningham, is not taxable because the receipt accompanying these charges indicates that they were incurred after trial in this case ended. In response, the government argues that the $245 was properly taxed because the exhibits were necessarily obtained for use in the case.

-17-

As noted *supra*, fees for exemplification that were necessarily obtained for use in the case may be taxed. See 28 U.S.C. § 1920(4). The Court finds, however, that these enlargements were not necessary and, therefore, that this cost should be borne by the government. While the enlargements of these memoranda may have demonstrated counsel's points with increased clarity, enlargement of the documents was not necessary within the meaning of § 1920. The government could have used the letter-size originals and the Elmo to achieve a similar effect. *See Coleman*, 158 F. Supp.2d at 1309-1310. The Court, therefore, will disallow this expense.

## CONCLUSION

In conclusion, the Court finds that the government is entitled to recover a total of $5,137.64 in costs, to be taxed to plaintiff as follows:

| Description | Amount Taxed | Amount Allowed |
|---|---|---|
| Witness Fees David Winningham | $2,409.52 | $1,487.42 |
| Witness Fees Barbara Nelson | $1,312.46 | $1,050.24 |
| Witness Fees Patty Moore | $1,028.50 | $ 952.32 |
| Witness Fees Mr. Weil | $ 787.96 | $ 675.04 |
| Deposition Fees | $ 529.00 | $ 529.00 |
| Exemplification & Copying Fees | $1,075.40 | $ 226.40 |
| Printing Fees | $ 245.00 | $ -0- |
| Docket Fees | $ 20.00 | $ 20.00 |
| Total | $7,407.84 | $4,940.42 |

Accordingly, a separate order will be entered in accordance with this memorandum opinion.

DATED this 2nd day of May, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court